UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RONALD DAVIDSON,

                    Plaintiff,

    -vs-                                            95-CV-0154C

JOHN BENNIS, et al.,

                    Defendants.

---

In accordance with this court's prior orders, defendants have moved pursuant to Rule 41(b) of the Federal Rules of Civil Procedure to dismiss the complaint in this action for failure to prosecute (Item 194). Plaintiff has filed a responding unsworn declaration (Item 197) and memorandum of law (Item 198). For the following reasons, defendants' motion is granted.

## **BACKGROUND**

This action was filed in February 1995, over seventeen years ago. Plaintiff sought money damages from several employees of the New York State Department of Correctional Services ("DOCS"), pursuant to 42 U.S.C. § 1983, based on alleged constitutional violations stemming from a search of his cell at the Attica Correctional Facility by Corrections Officer John Bennis in January 1994. Plaintiff claims that Officer Bennis illegally seized medications which resulted in the withholding of medical treatment, and planted a weapon which became the focus of a disciplinary proceeding at which plaintiff was deprived of his due process rights, all in retaliation for exercising his right of access to the courts through the initiation of other litigation and grievance proceedings.

In an order dated August 28, 1996, this court granted summary judgment in favor of defendants dismissing the complaint in its entirety. Then, in May 1998, Court of Appeals for the Second Circuit vacated the order of dismissal and remanded the case, finding genuine issues of fact with respect to those portions of plaintiff's retaliation claim concerning the cell search and the disciplinary proceedings. *See Davidson v. Bennis*, 152 F.3d 917, 1998 WL 391112 (2d Cir. 1998) (unpublished disposition).

On remand, this court appointed counsel to represent plaintiff, and then conducted a series of conferences to determine the scope and timing of discovery and to resolve several disputes regarding document production and deposition practice. In November 2000, the court issued an order directing plaintiff to appear for his own deposition, with the caveat that failure to appear could result in dismissal of the case (*see* Item 92). On the scheduled date plaintiff's counsel and defense counsel traveled from Buffalo to the Elmira Correctional Facility where plaintiff was being housed, but plaintiff refused to participate in the deposition because of a disagreement over whether the door to the deposition room should be closed or left ajar. As a result of this incident, defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 37(d) (Item 94).

In an order dated May 29, 2001, the court denied the motion and afforded plaintiff one more opportunity to submit to a deposition, again with the caveat that refusal to attend would result in dismissal of the case (Item 118). The court also recited examples of undue delays in the proceedings in this and other matters resulting from plaintiff's conduct, including his refusal to attend a court-ordered conference in June 1996 and his refusal to be deposed in relation to two other lawsuits pending in this court. The court found that plaintiff's conduct:

> … demonstrated a preference for unnecessary delay over timely prosecution of his own claims. This series of incidents is also indicative of how plaintiff has often attempted to use the limited jurisdiction of his § 1983 actions to further goals completely unrelated to the subject matter of his case before the court. In the words of one State court jurist, plaintiff "appears to constantly be attempting to place obstacles in the way of ordinary and proper daily functioning of" correctional facilities, as well as this court.

*Id.* at 3-4 (quoting *Davidson v. State of New York*, Claim No. 72036, at 2 (N.Y.Ct.Cl. July 16, 1990) (Benza, J.), attached as Exh. B to Item 101).

Subsequently, an order was entered in all nine of plaintiff's cases then pending before this court staying all scheduled depositions until such time that plaintiff could provide assurances that his medical condition would allow him to participate (*see* Item 120). The court also suggested that the parties pursue the alternative of conducting the deposition by video conferencing, which was ultimately accomplished in this case on July 19, 2004.

After denying plaintiff's *pro se* motion for default judgment related to allegations of denial of medical treatment by DOCS' employees at the Elmira Correctional Facility in retaliation for bringing yet another lawsuit in this district (*Davidson v. Desai*, 03-CV-121S, assigned to Judge William M. Skretny), the court set a schedule for summary judgment in this case, reminding plaintiff to correspond with his assigned counsel and not directly with the court (*see* Item 166). As the time for filing the motion approached, the court received a letter from defense counsel indicating that upon further review of the file, and in light of the Second Circuit's prior ruling, he decided not to make the summary judgment motion. Accordingly, the court issued an order scheduling jury trial for November 14, 2005 (*see* Items 174 & 176).

Plaintiff continued to communicate directly with the court, reiterating his allegations of denial of appropriate medical treatment and requesting a video conference to address his concerns about trial accommodations. The court then issued an order scheduling a video conference for October 27, 2005, with the following caveat:

> All concerned parties are directed to make every reasonable effort to accomplish the video conference in the interest of moving this case forward. Any conduct attributable to plaintiff counterproductive to this result, or otherwise deemed by the court to be a failure to adhere to the directives of this order, shall be considered grounds for dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

(Item 182). The trial was adjourned generally (*id.*).

The court and counsel made appropriate arrangements for the video conference to take place at the courthouse, but — notwithstanding the explicit warning in the scheduling order — plaintiff refused to participate at the scheduled time, complaining about the prison's policy requiring the presence of a corrections officer in the conference room. The court was unable to resolve the matter to plaintiff's satisfaction, and adjourned the video conference.

In the meantime, plaintiff's counsel moved to withdraw from his assigned representation, citing plaintiff's refusal to assist in the preparation for trial compounded by the inability of counsel to earn plaintiff's trust and confidence (see Item 179). In an order dated December 14, 2005, the court granted counsel's motion to withdraw and declined to appoint another attorney, noting not only plaintiff's ability to adequately present his case without the assistance of counsel, but also his demonstrated inability to engage in a productive attorney-client relationship with many of the lawyers who have been assigned by this court to assist him with his cases (*see* Item 187).

On January 5, 2006, plaintiff submitted a motion seeking the court's recusal and requesting permission to take an interlocutory appeal from the order granting counsel's motion to withdraw. This motion was denied on February 11, 2006 (Item 189), and no further action was taken in the case until May 7, 2008, when the court issued an order to show cause why the case should not be dismissed for failure to prosecute (Item 190). Following the court's order, on July 20, 2008, defendant filed the present motion to dismiss (Item 194), and on September 4, 2008, plaintiff filed his response (Items 197 & 198). No further action has been taken in the case.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal with prejudice for lack of prosecution is, of course, a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks and citation omitted). This is particularly true where a plaintiff is proceeding *pro se*. *See, e.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (circuit court will give due deference to district court's Rule 41(b) dismissal of *pro se* litigant's complaint "only when the circumstances are sufficiently extreme.").

Nevertheless, Rule 41(b) gives the district court the authority to dismiss a case, on motion or on its own initiative, where a plaintiff fails to comply with the court's orders or otherwise fails to "diligently" prosecute the action. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). As explained in *Lyell Theatre*, this authority "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Id.* at 42.

> Failure to prosecute is not defined in Rule 41(b). It can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics. The latter may consist, for example, of groundless motions, repeated requests for continuances or persistent late filings of court ordered papers. Such conduct may warrant dismissal after merely a matter of months, or may stretch out over a period of years.
>
> \*   \*   \*
>
> The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently. Plaintiff's duty to due diligence is imposed because of the strong policy favoring prompt disposition of cases. Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.

*Id.* at 42-43 (citations omitted).

In determining whether dismissal for failure to prosecute is warranted, the court must consider the following factors, none of which are dispositive: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004); *Scott v. County of Erie*, 2007 WL 3353290, at \*2 (W.D.N.Y.

November 11, 2007). As the following discussion demonstrates, consideration of each of these factors in this case weighs heavily in favor of dismissal.

### 1. Duration of Failures

Plaintiff's repeated failures to heed the court's orders and other dilatory tactics have resulted in delays throughout most of the entire fourteen-plus year history of this litigation. To reiterate just a few examples from the background summary set forth above, plaintiff refused to attend a court-ordered conference in 1996, refused to participate in a court-ordered deposition in 2000, refused to participate in a court-ordered video conference, and (as he has done in many of his other lawsuits pending in this district) sent letters and filed *pro se* motions in the face of the court's repeated orders directing him to communicate with the court only through counsel.

In addition, the record amply reflects plaintiff's lack of cooperation with his assigned counsel, which caused the attorney's withdrawal from the case. Following withdrawal, the case lay dormant for more than two years until the court issued its order to show cause, and has been dormant now since September 2008 – almost four years. This period of inaction alone is of sufficient duration to warrant dismissal. *See, e.g., Scott*, 2007 WL 3353290, at *3 (delay of ten months sufficient); *Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.*, 2000 WL 1677984, at *2 (S.D.N.Y. November 8, 2000) (delay of four months sufficient). Considered together with the dilatory conduct attributable to plaintiff as recited above, this factor weighs heavily in favor of dismissal.

## 2. Notice of Dismissal

There can be no question in this case that plaintiff received actual notice that his failure to adhere to the court's orders, or that engaging in conduct counterproductive to the progress of the litigation, would be considered grounds for dismissal of the action for failure to prosecute. This very warning was included in explicit terms in several of the court's orders, most notably the order of November 9, 2000 directing plaintiff to participate in his deposition, and the order of October 14, 2005 scheduling the video conference. On both occasions, plaintiff risked dismissal by refusing to comply with the court's directives, causing unnecessary delay and expenditure of valuable resources on the part of the court and counsel.

This factor weighs in favor of dismissal.

## 3. Prejudice to Defendants

The third factor requires the court to consider the prejudice to the defendant resulting from delay, or the likelihood of further delay, attributable to plaintiff. Unreasonable delay may be presumed prejudicial as a matter of law, as it "increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999). A presumption of prejudice is particularly appropriate where, as here, the delay has been extreme. *Id.* (citing *Lyell Theatre*, 682 F.2d at 43).

In this case, the difficulties inherent in trying a seventeen-year-old case are significant, and obvious. As set forth in defense counsel's declaration in support of the motion to dismiss, defendant Bennis has retired from DOCS and now lives in Florida.

Defendants Kelly and O'Connell have also retired from DOCS. Defendant Selsky has changed positions within DOCS. Defendants Brunelle and Coughlin are dead (*see* Item 195, ¶¶ 9-12). In addition, based on the matters set forth in plaintiff's responding declaration regarding his medical complaints (*see* Item 197), the likelihood of further delay is substantial.

Accordingly, this factor weighs heavily in favor of dismissal.

### 4.    Balance between Calendar Congestion and Due Process Rights

This factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his case. *See Norden Sys.*, 375 F.3d at 257. In this regard, while the court "must not let its zeal for a tidy calendar overcome its duty to justice . . . ," *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968) (quoted in *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004)), *cert. denied*, 393 U.S. 1085 (1969), the plaintiff's right to present his claims is entitled to less weight in the balance where the delay in the proceedings is the direct result of plaintiff's own conduct. *See. e.g., Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"), *aff'd*, 152 F.3d 917 (2d Cir. 1998); *Feurtado*, 225 F.R.D. at 480 ("the fact that [the plaintiff] repeatedly disobeyed court orders vastly diminishes his right to have his claim heard by this Court.").

In addition, the court's review of the entire record has revealed no evidence that might be considered by a jury in attempting to resolve the "genuine issues of material fact as to whether the search and subsequent disciplinary proceedings were conducted by the

Defendants with a retaliatory motive" of concern to the Second Circuit in its remand order. *Davidson v. Bennis*, 1998 WL 391112, at *1. Indeed, in the fourteen-plus years since that order was issued, this case has moved no closer to final disposition. The court cannot continue to allow such inaction in the absence of any showing of prejudice to plaintiff.

Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

Finally, the court must consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the delays attributable to plaintiff. *See Norden Sys.*, 375 F.3d at 257. Given the history of plaintiff's repeated refusal to heed the court's directives, there is a substantial likelihood that any order short of dismissal would be meaningless as well. *Cf. Smith v. Human Res. Admin. of New York City*, 2000 WL 307367, at *3 (S.D.N.Y. March 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate plaintiff to move the case forward); *Alevizopoulos & Assoc.*, 2000 WL 1677984, at *4 (finding lesser sanctions inappropriate based on plaintiff's repeated failures to comply with court orders).

Based on this assessment of the pertinent factors, the court finds that dismissal of this case is warranted under Rule 41(b) for plaintiff's failure to prosecute.

### **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is granted. The case is dismissed with

prejudice. The Clerk of the Court is directed to enter judgment in favor of defendants, and to close this case.

    So ordered.

                                        \s\ John T. Curtin
                                        JOHN T. CURTIN
                                      United States District Judge

Dated: 6/21          , 2012
p:\davidson\95-154.jun18.2012